1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   DRRF II REO OWNER, LLC,                            No. C 17-02503 JSW

10              Plaintiff,

11       v.

12   STERYLING FUNG, ET AL,                            **ORDER TO SHOW CAUSE**

13              Defendants.
                                                    /
14

15          Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte*

16   at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12; *Augustine v.*

17   *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  It appears that this Court lacks jurisdiction to

18   hear this matter.

19          On January 13, 2017, Plaintiff filed a complaint for unlawful detainer in Superior Court for

20   the County of Alameda Fung (the "State Court action") against Defendants Sterlyng, Claire and

21   Sathi ("Defendants").  (*See* Notice of Removal.)  On May 2, 2017, Defendants removed the State

22   Court action on the basis that jurisdiction is premised upon a federal question.  (*See id*.)  "[A]ny civil

23   action brought in a State court of which the district courts of the United States have original

24   jurisdiction, may be removed by the defendant . . .  to the district court of the United States for the

25   district and division embracing the place where such action is pending."  *Franchise Tax Bd. v.*

26   *Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. §

27   1441.

28

However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983).

The State Court action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court finds that the claim will not necessarily depend upon the resolution of a substantial question of federal law, because Plaintiff need not prove compliance with the federal law relied upon by Defendants to establish its claim. *See, e.g., Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005).

Furthermore, a court cannot exercise removal jurisdiction on the ground that the complaint gives rise to a potential or an anticipated *defense* that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original). Therefore, the Court finds that it lacks subject matter jurisdiction to hear this matter as currently pled and must remand to the state court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

2

In addition, Defendants also failed to remove within thirty days of being served with the complaint which serves as a bar to federal jurisdiction. *See* 28 U.S.C. § 1446 ("[t]he notice of removal of a civil action or proceeding shall be filed within thirty days, by the receipt of the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief").

Accordingly, the Court HEREBY ISSUES this order to show cause to Defendants to respond in writing by no later than **May 19, 2017** why this case should not be remanded to the Superior Court of the State of California for the County of Alameda. Should Defendants fail to respond, this case shall be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 3, 2017

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE